## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| APEX LINEN SERVICE LLC, *et al.*,[1] | ) | Case No. 20-11774 (LSS) |
| | ) | |
| Debtors. | ) | Joint Administration Requested |
| | ) | Related to Docket No. ____ |

### ORDER AUTHORIZING THE DEBTORS TO (I) EMPLOY AND RETAIN GLASSRATNER ADVISORY & CAPITAL GROUP, LLC TO THE DEBTORS A CHIEF RESTRUCTURING OFFICER AND CERTAIN ADDITIONAL PERSONNEL, AND (II) DESIGNATE JEFF NERLAND AS CHIEF RESTRUCTURING OFFICER *NUNC PRO TUNC* TO THE PETITION DATE

Upon the motion (the "*Motion*")[2] of the above-captioned debtors and debtors in possession (collectively, the "*Debtors*") for entry of an order (this "*Order*"): (i) authorizing the Debtors to employ and retain GlassRatner Advisory & Capital Group, LLC ("*GlassRatner*"), pursuant to the terms and conditions of that certain letter agreement between GlassRatner and the Debtors, dated as of July 7, 2020 (the "*Engagement Letter*"), to provide the Debtors a Chief Restructuring Officer and certain additional personnel, and (ii) designate Jeff Nerland as Chief Restructuring Officer ("*CRO*") of the Debtors *nunc pro tunc* to the Petition Date; and upon consideration of the Motion and all pleadings related thereto, including the Nerland Declaration and the First Day Declaration; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required; and it appearing that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Apex Linen Service LLC (9075), Highland Apex Holdings LLC (0537), Highland Avenue Capital Partners LLC (2825), Highland Apex GP LLC (9246), and Highland Apex Management LLC (5476). The location of the Debtors' corporate headquarters is 6375 S. Arville Street, Las Vegas, NV 89118.

[2] Capitalized terms not defined herein are defined in the Motion.

*Reference* date February 29, 2019, from the United States District Court for the District of Delaware; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter a final order herein consistent with Article III of the U.S. Constitution; and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

    1.    The Motion is GRANTED as set forth herein.

    2.    The Debtors are authorized to engage GlassRatner to provide Mr. Nerland as CRO and the Additional Personnel on the terms described in the Motion *nunc pro tunc* to the Petition Date, subject to the following terms, which apply notwithstanding anything in the Motion or any exhibits related thereto (including, but not limited to, the Engagement Letter) to the contrary:

        a.    GlassRatner and its affiliates shall not act in any other capacity (for example, and without limitation, as a financial advisor, claims agent/claims administrator, or investor/acquirer) in connection with these chapter 11 cases.

        b.    In the event the Debtors seek to have Additional Personnel assume executive officer positions that are different than the position(s) disclosed in the Motion, or to materially change the terms of the engagement by either: (i) modifying the functions of personnel, (ii) adding new personnel, or (iii) altering or expanding the scope of the engagement, a motion to modify the retention shall be filed.

        c.    GlassRatner shall file with the Court, with copies to the Notice Parties, a report of staffing on the engagement for the previous month. Such report shall include the names and functions filled of the individuals assigned. All staffing shall be subject to review by the Court in the event an objection is filed.

        d.    No principal, employee, or independent contractor of GlassRatner and its affiliates shall serve as a director of any of the Debtors during the pendency of these chapter 11 cases.

        e.    GlassRatner shall file with the Court, and provide notice to the Notice Parties, reports of compensation earned and expenses

        incurred on a monthly basis. Such reports shall contain summary charts that describe the services provided, identify the compensation earned by each executive officer and staff employee provided, and itemize the expenses incurred. Time records shall (i) be appended to the reports, (ii) contain detailed time entries describing the task(s) performed, and (iii) be organized by project category. All time entries shall be reported in the one-tenth of an hour (0.1) increments. Parties in interest shall have 14 days after the date each report is served to object to such report. In the event an objection is raised and not consensually resolved, the objected to portion of the staffing report shall be subject to review by the Court.

    f.    Success fees, transaction fees, or other back-end fees shall be approved by the Court at the conclusion of these chapter 11 cases on a reasonableness standard and are not being pre-approved by entry of this Order. No success fee, transaction fee or back-end fee shall be sought upon conversion of these chapter 11 cases, dismissal of these chapter 11 cases for cause, or appointment of a trustee.

    g.    The Debtors are permitted to indemnify those persons serving as executive officers on the same terms as provided to the Debtors' other officers and directors under the corporate bylaws and applicable state law, along with insurance coverage under the Debtors' D&O policy.

    h.    There shall be no indemnification of GlassRatner or its affiliates. For a period of three years after the conclusion of the engagement, neither GlassRatner nor any of its affiliates shall make any investments in the Debtors or the Reorganized Debtors.

    i.    GlassRatner shall disclose any and all facts that may have a bearing on whether the firm, its affiliates, and/or any individuals working on the engagement hold or represent any interest adverse to the Debtors, their creditors, or other parties in interest. The obligation to disclose identified in this subparagraph is a continuing obligation.

3.    Notwithstanding any provision to the contrary in the Engagement Letter, GlassRatner shall be deemed to have waived, and shall not raise or assert, any defense based upon jurisdiction, venue, abstention, or otherwise to the jurisdiction and venue of this Court or (if the reference is withdrawn) the District Court for the District of Delaware to hear or determine any

3

4

controversy or claims with respect to, in connection with, arising out of, or in any way related to GlassRatner's engagement in these chapter 11 cases.

4. Notwithstanding anything to the contrary in the Motion, or any of its exhibits, including the Engagement Letter, during the course of these chapter 11 cases, this Court has and shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the interpretation or implementation of this Order or the Engagement Letter.

5. This Order shall be immediately effective and enforceable upon its entry.