## EXHIBIT B

**Proposed Final Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| APEX LINEN SERVICE LLC *et al.*,[1] | ) | Case No. 20-11774 (LSS) |
| | ) | |
| Debtors. | ) | Joint Administration Requested |
| | ) | Related to Docket Nos. ____ and ____ |

**FINAL ORDER (I) AUTHORIZING DEBTORS TO PAY CERTAIN PREPETITION CLAIMS OF CRITICAL VENDORS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the *"Motion"*)[2] of the Debtors for a final order (this *"Final Order"*) authorizing (a) authorizing, but not directing, the Debtors to pay prepetition claims held by Critical Vendors and (b) granting related relief; all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408, and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided, except as set forth herein; and this Court having reviewed the Motion and having heard the statements in support of the relief

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Apex Linen Service LLC (9075), Highland Apex Holdings LLC (0537), Highland Avenue Capital Partners LLC (2825), Highland Apex GP LLC (9246), and Highland Apex Management LLC (5476). The location of the Debtors' corporate headquarters is 6375 S. Arville Street, Las Vegas, NV 89118.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

requested therein at a hearing before this Court; and this Court having determined that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED THAT**

1. The Motion is granted to the extent set forth herein.

2. The Debtors are authorized, but not directed, in their sole discretion and in the exercise of their reasonable business judgment, to pay all or part of, on a case-by-case basis, the Critical Vendor Claims up to $1.7 million on a final basis.

3. The Debtors are authorized, but not directed, undertake appropriate efforts to condition payment of Critical Vendor Claims upon the execution of a Trade Agreement, and the Debtors are authorized to enter into such Trade Agreements when and if the Debtors determine, in the exercise of their reasonable business judgment, that it is appropriate to do so.  If a party accepts payment under this Final Order and thereafter breaches a Trade Agreement during the pendency of these chapter 11 cases, then (a) any payment on a prepetition claim received by such party shall be deemed to be an unauthorized voidable postpetition transfer under section 549 of the Bankruptcy Code and, therefore, at the Debtors' option (x) recoverable in cash upon written request or (y) applied as a credit against any outstanding postpetition claims held by such Critical Vendor, and (b) upon recovery by the Debtors, any such prepetition claim shall be reinstated as if the payment had not been made, less the Debtors' reasonable costs and attorneys' fees in recovering such amounts (if applicable).

4. Nothing herein shall impair or prejudice the Debtors' ability to contest, in their sole discretion, the extent, perfection, priority, validity or amounts of any claims held by any Critical

Vendor. The Debtors do not concede that any claims satisfied pursuant to this Final Order are valid, and the Debtors expressly reserve all rights to contest the extent, validity or perfection or seek the avoidance of all such liens or the priority of such claims.

5. Notwithstanding anything to the contrary contained herein, any payments made or to be made under this Final Order, and any authorization contained in this Final Order, shall be subject to all applicable requirements set forth in any order approving debtor-in-possession financing.

6. Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission as to the validity, priority, or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or any other party in interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Final Order are valid and the Debtors and all other parties in interest expressly reserve their rights to contest the extent, validity, or perfection or to seek avoidance of all such liens. Any payment made pursuant to this Final Order should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

7. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

8. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order.

10. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.