# EXHIBIT 1

## NON-BINDING TERM SHEET FOR PROPOSED DIP LOAN

PURPOSE/STATUS:    This letter presents a Non-Binding Term Sheet which is presented by Lender to Borrowers solely for discussion purposes.  All terms are subject to credit approval by Lender's credit committee and such terms are, and will be, of no force or effect unless and until Lender obtains such credit approval.

BORROWERS:    Apex Linen Service LLC, a Delaware limited liability company, and Apex Linen Managed Service LLC, a Delaware limited liability company, each in all capacities, including, but not limited to, as debtor-in-possession in a pending bankruptcy proceeding.

LENDER:    Western Alliance Bank.

LOAN:    A senior secured superpriority debtor-in-possession loan (the "Loan") from Lender to Borrowers in the maximum principal amount of $1,000,000. [Cash collateral use will also need to be agreed to; will need to modify amount based on cash flow need through expiration of facility less available cash collateral; budget needs to be agreed to]

AGENT:    Breakwater Management LP, as Administrative Agent and Collateral Agent (the "Agent").

LOAN DOCUMENTS:    Borrowers shall execute and deliver to Agent such loan and security agreements, promissory notes, mortgages, deeds of trust, assignments, pledges, instruments, documents, certificates, opinions and assurances (the "Loan Documents") as Agent and Lender may require in connection with the financing, all of which shall be in form and substance based on the terms of certain of Borrowers' existing financing with Agent, Lender and the other lenders party thereto and otherwise acceptable to Lender in its sole discretion. All orders of the Bankruptcy Court approving or authorizing the Loan shall be in form and substance acceptable to Lender in its sole discretion.

TERM:    Subject to earlier termination as provided in the Loan Documents, the Loan will mature (the "Maturity Date") on the earlier to occur of: (a) 30 days from the closing date and (b) the date of entry of an order by the Bankruptcy Court dismissing all of the chapter 11 bankruptcy cases jointly administered under Case No. 20-11774 (the "Cases").

PROFESSIONAL FEES:    Professional fees for all professionals not to exceed an aggregate amount of $_____ (the "Agreed Professional Fees") shall be funded by the Lender upon the later to occur of (the "Agreed Professional Fees Effective Date") (i) entry of the DIP Financing Approval Order (as defined below), and (ii) entry of a final and non-appealable order dismissing the Cases (the "Dismissal Order"). On the Agreed Professional Fees Effective Date, the Lender and the Agent will be deemed to have waived any objection to the retention of professionals and the payment of the Agreed Professional Fees.

USE OF PROCEEDS:    Solely for payment of disbursements identified in Borrowers' DIP Loan Budget, including, without limitation, operating expenses, and solely to the extent such disbursements exceed Borrowers' cash available from collections.  All such expenses and other obligations shall be the subject of and identified in a budget (the "DIP Loan Budget") prepared by Borrowers and in form, content, and detail satisfactory to Lender in its sole discretion (which budget shall be agreed to by the parties in conjunction with this term sheet).  For the avoidance of doubt, proceeds shall not be used to fund (a) other than the Agreed Professional Fees, fees of any professionals for services provided to Borrowers or Borrowers'

bankruptcy estates; (b) capital expenditures except if and to the extent capital expenditures of up to $100,000 are approved by Lender in the DIP Loan Budget, or (c) settlement costs.  Advances on the Loan shall be made periodically at intervals to be set forth in the Loan Documents to be determined in Lender's discretion, based upon certification by Borrowers that Loan proceeds are necessary to make up the shortfall in Borrower's cash available from collections.

INTEREST:    12%, with a default rate of 17% calculated on the basis of the actual number of days elapsed in a 360-day year.

PAYMENTS:    Accrued interest shall be capitalized and added to the principal balance of the Loan at the end of each month.  The Loan shall mature and all obligations under the Loan shall be fully due and payable on the Maturity Date.

MANDATORY FEES:    The following fees shall be payable in connection with the Loan:

A closing fee (the "Closing Fee") of $20,000, due and payable to Lender at closing from the proceeds of the Loan.

All of Lender's costs and fees incurred in relation to this Term Sheet, due diligence for and negotiation and documentation of the Loan, and approval of the Loan by the Bankruptcy Court, all payable in full, from proceeds, at closing of the Loan.

Lender shall be entitled to advance against the line to reimburse itself for its reasonable fees and costs, including, without limitation, reasonable attorneys' fees and costs, incurred in connection with the Cases and add such amounts to the outstanding principal of the Loan without the need for court approval beyond a provision in the DIP Financing Approval Order providing such approval.

SECURITY:    Agent will be granted fully perfected first priority liens and security interests in all accounts receivable and all assets of the Borrowers, prime and superior to all existing liens and security interests and all liens and security interests of any and all federal, state, and local taxing authorities.

BANKRUPTCY COURT ORDER:    The Loan will be approved by the Bankruptcy Court pursuant to interim and final DIP financing orders that are final and non-appealable in form and substance acceptable to Lender in its sole discretion (collectively, the "DIP Financing Approval Order").  The DIP Financing Approval Order will (i) adjudicate all indebtedness under the Loan to have superpriority claim status pursuant to Bankruptcy Code §§364(c)(1) and 507(b), and (ii) adjudicate Agent to be secured as stated below pursuant to Bankruptcy Code §§364(c) and (d), with first priority priming liens on all of the assets of Borrowers. The debtors in the Cases (the "Debtors") shall file a motion in form and substance acceptable to Lender that (i) seeks entry of the DIP Financing Approval Order and (ii) seeks dismissal of the Debtors' bankruptcy cases under Bankruptcy Code Sections 305 and 1112 (the "Motion").  Concurrently with filing the Motion, the Debtors shall file a motion for order shortening time for a hearing on the Motion (the "Motion for OST"), requesting that the Bankruptcy Court hold a hearing on the Motion on the earliest date available on the Bankruptcy Court's calendar and thereafter enter the Dismissal Order.

Without limiting the foregoing in any way, the DIP Financing Approval Order will include, among other things, the following provisions:  (i) Agent and Lender will have full stay relief so that they can enforce their rights upon the earlier to occur of a postpetition default under or violation of (i) the Loan Documents, DIP Financing Approval Order, or any cash collateral order, or (ii)

the Maturity Date (unless by then the bankruptcy cases have been dismissed), without having to obtain any other or further court order, including, without limitation, the enforcement of such remedies against the collateral provided however, that Lender shall not object to a request by Borrowers on shortened notice for an emergency hearing solely on the topic of whether a postpetition default or violation of the DIP Financing Approval Order or any cash collateral order has occurred; (ii) Borrowers will not obtain any other loan without the prior written consent of Lender; (iii) Borrowers will not seek approval for or incur any debt which will prime the liens granted to Agent, or will be pari passu with the liens granted to Agent; (iv) Borrowers will agree and the DIP Financing Approval Order will so provide that (A) there will be no Bankruptcy Code §506(c) surcharge claims against Lender or the collateral and that (B) any and all "equities of the case" claims pursuant to §552(b) are waived; (v) the DIP Financing Approval Order shall provide that the Loan has been made in all respects in good faith by the Lender within the meaning of Bankruptcy Code §364(e) and that the Lender is entitled to the protection and benefits of Bankruptcy Code §364(e); (vi) Borrowers shall stipulate to (A) the amount, validity, secured status, perfection, and lack of any defenses to the claims of the Lender and the other pre-petition secured lenders as of the Petition Date and (B) that all of the Borrowers' cash, including all the cash that is in its deposit accounts, wherever located, that is proceeds of the Lender's and the other pre-petition secured lenders' prepetition collateral constitutes cash collateral of the Lender and the other pre-petition secured lenders, and the DIP Financing Approval Order shall reflect such stipulations; (vii) the Lender and the other pre-petition secured lenders are entitled to adequate protection for any diminution in value of their interests in their prepetition collateral resulting from the priming of their existing prepetition liens on prepetition collateral; and (viii) Borrowers will agree and the DIP Financing Approval Order will so provide that no plan of reorganization will be proposed by Borrowers.

Notwithstanding the above-stated limitation on payment of professional fees from the proceeds of the Loan, the DIP Financing Approval Order will include a "carve out"  for the following expenses: (A) all statutory fees payable to the clerk of the Court or the U.S. Trustee pursuant to 28 U.S.C. § 1930(a)(6); and (B) the Agreed Professional Fees.

CONDITIONS TO CLOSING:    No later than July 20, 2020, at 3:00 pm Eastern time, (i) the Debtors and the Agent shall have entered into a stipulation for further use of cash collateral and agreeing to the terms set forth in this term sheet by attaching it to the cash collateral stipulation and incorporating it by reference (the "Stipulation"), and (ii) the Debtors shall have filed the Motion and the Motion for OST.  Debtors shall prepare the Motion and Motion for OST, and the Agent shall prepare the Stipulation. The Stipulation, Motion and the Motion for OST shall be in form and substance acceptable to the Lender, the Agent the other pre-petition secured lenders, and the Debtors.

Entry of the DIP Financing Approval Order on an interim and final basis.

Lender shall have received any amendments to the Agreement Among Lenders as Lender shall require in its sole discretion to preserve its rights as First Out Lender as defined in such agreement.

In the event that the DIP Financing Approval Order or the Dismissal Order are not entered, the parties reserve their rights on all issues.

CONDITIONS TO FUNDING:    All required settlements necessary to facilitate the dismissal will be executed by all required parties, whether debtors or non-debtors.  All conditions to be set forth in the Loan Documents related to Borrowers' certification that Borrowers

need funds in excess of Borrowers' available cash from collections and Borrowers will use such funds for the purposes set forth in the DIP Loan Budget.