## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| APEX LINEN SERVICE LLC, *et al.*, | Case No. 20-11774 (LSS) |
| Debtors.[1] | Jointly Administered |
| | Re: Docket 11, 18, 30, 36, 52, 68, 74, 75, 80, 90 |

### BREAKWATER MANAGEMENT LP'S RESPONSE TO NOTICE OF AMENDMENT TO PROPOSED INTERIM ORDER AUTHORIZING THE DEBTORS TO OBTAIN POST-PETITION FINANCING

1.      Breakwater Management LP ("Agent"), as agent for senior secured lenders Breakwater Credit Opportunities Fund LP, Breakwater Credit Opportunities Fund II, LP, Western Alliance Bank, and United Insurance Company of America (collectively, such lenders are referred to as the "Pre-Petition Lenders"), by and through its undersigned counsel, hereby responds to Debtors' Notice of Amendment to Proposed Interim Order Authorizing the Debtors to Obtain Post-Petition Financing (the "Notice").  Undefined terms herein have the same definitions set forth in the Notice.

2.      Debtors' proposed Adequate Protection is not adequate as required by Bankruptcy Code Sections 361 and 364(d)(1)(B), for which Debtors have the burden of proof under Bankruptcy Code Section 364(d)(2).  Per the Notice, the amount to be protected under the Interim

---

[1] The Debtors in the above-captioned chapter 11 cases, along with their case numbers, are ("Debtors"): Apex Linen Service LLC (20-11774) ("Apex Linen"), Highland Apex Holdings LLC (20-11775) ("Highland Apex Holdings"), Highland Avenue Capital Partners LLC (20-11776) ("Highland Partners"), Highland Apex GP LLC (20-11777) ("Highland GP"), and Highland Apex Management LLC (20-11778) ("Highland Management").  Highland Apex Holdings, Highland Partners, Highland GP, and Highland Management will be referred to herein collectively as the "Highland Entities."

Order is $1 million or $1.5 million.  With either amount, the proposed Adequate Protection falls short and is not adequate.  At best, Debtors are proposing to provide only partial (inadequate) protection, and only for the interim lending amount ($1 or $1.5 million), while they seek to impose a priming lien for four times that amount.

3.      First, as noted by the Court at the evidentiary hearing on July 22, 2020, there is no evidence or other indication whatsoever as to the existence or value of potential preference actions.

4.      Second, while the proposed Adequate Protection Payment purports to be adequate protection for Debtors' advances under the Interim Order, the Adequate Protection Payment becomes payable only if and when the Final Order is entered, which may or may not happen, and in any case is $500,000 less than the $1 million to be advanced under the Interim Order.

5.      Third, even if Debtors have $200,000 of unencumbered cash (which the Pre-Petition Lenders deny), deeming such funds Cash Collateral on which Pre-Petition Lenders have Pre-Petition Liens is illusory since such lien is junior to the lien of Serene Investment Management, LLC ("Serene").

6.      Fourth, an immediate adequate protection payment of $250,000 if the Pre-Petition Lenders agree to advances under the Interim Order of $1.5 million is inadequate, even if the Final Order is entered and a total of $500,000 is paid.  A certainty of payment of $250,000 based on $1.5 million of interim advances falls short of being adequate by $1.25 million.

7.      Next, Debtors cannot satisfy the requirement of Bankruptcy Code Section 364(d)(1)(A) that the Debtors be unable to "obtain such credit otherwise" because the Pre-Petition Lenders are agreeable, and have offered to Debtors, to make a $4 million DIP loan to Debtors on the same terms set forth in Serene's term sheet, with the following modifications:

        a.      A lower interest rate of 12% instead of 14%;

        b.        Lower fees of $80,000 instead of $200,000;

        c.        Debtors shall agree to close a 363 sale (the "Sale") within thirteen weeks, consistent with the testimony of Mr. Nerland and Mr. Fixler, with the Pre-Petition Lenders being a stalking horse bidder based on a credit bid under Bankruptcy Code Section 363(k); and

        d.        The DIP loan shall mature on the earlier to occur of (i) thirteen weeks after entry of an interim order (to coincide with Debtors' Budget and the testimony of Mr. Nerland and Mr. Fixler), and (ii) the closing of the Sale.

8.        Based thereon, the Agent respectfully requests that the Court deny the DIP Financing Motion.

Dated:  July 23, 2020
        Wilmington, Delaware

**GIBBONS P.C.**

By:  /s/ *Natasha M. Songonuga*
Natasha Songonuga, Esq. (DE Bar # 5391)
300 Delaware Avenue, Suite 1015
Wilmington, DE 19801-1671
T: 302-518-6300
F: 302-429-6294
E-mail: nsongonuga@gibbonslaw.com

- and –

**SHEPPARD MULLIN RICHTER &
HAMPTON LLP**
Alan Feld, Esq. (admitted *pro hac vice*)
Ted Cohen, Esq. (admitted *pro hac vice*)
333 S. Hope Street, 43rd Floor
Los Angeles, CA 90071
E-mail: afeld@sheppardmullin.com
E-mail: tcohen@sheppardmullin.com

*Counsel for Breakwater Credit Opportunities Fund, L.P., Breakwater Credit Opportunities Fund II, L.P. and Breakwater Management LP*