# EXHIBIT B

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>APEX LINEN SERVICE LLC, *et al.*,[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 20-11774 (LSS)<br>)<br>) (*Jointly Administered*)<br>)<br>) Related to Docket No. 132 |

**ORDER (I) APPROVING BID AND SALE PROCEDURES, (II) APPROVING CERTAIN BIDDING PROTECTIONS, (III) APPROVING THE FORM AND MANNER OF NOTICE OF THE SALE AND ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (IV) SCHEDULING AN AUCTION AND SALE HEARING**

Upon the motion (the "*Motion*")[2] of the above-captioned debtor and debtor-in-possession (the "*Debtors*") seeking, pursuant to sections 105, 363, 365, and 503 of title 11 of the United States Code (the "*Bankruptcy Code*"), Rules 2002, 6004, 9007, and 9014 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), and Local Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "*Local Rules*"), an order (i) authorizing and approving the procedures that are attached hereto as Annex 1 (the "*Bidding Procedures*") for the sale of the Debtors' operating assets (the "*Sale*"), (ii) scheduling an Auction and Sale Hearing in connection with the Sale, and (iii) approving the form and manner of notice of the Auction and the Sale Hearing; the Court having

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Apex Linen Service LLC (9075), Highland Apex Holdings LLC (0537), Highland Avenue Capital Partners LLC (2825), Highland Apex GP LLC (9246), and Highland Apex Management LLC (5476). The location of the Debtors' corporate headquarters, and the business address for Apex Linen Service LLC is 6375 S. Arville Street, Las Vegas, NV 89118. The business address for all other Debtors is 205 Pier Avenue, Suite 102, Hermosa Beach, CA 90254.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

reviewed the Motion and conducted a hearing to consider the relief requested therein regarding the Bidding Procedures and related matters (the "*Bidding Procedures Hearing*"); and it appearing that no other or further notice need be provided; and the Court having considered the statements of counsel and the evidence presented at the Bidding Procedures Hearing; and after due deliberation thereon; and sufficient cause appearing therefor, it is hereby **FOUND AND DETERMINED THAT:**

    A.    The Court has jurisdiction over this matter and over the property of the Debtors and their bankruptcy estates pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

    B.    The legal and factual bases set forth in the Motion establish just cause for the relief granted herein. Entry of this Bidding Procedures Order is in the best interests of the Debtors and their respective estates, creditors, and all other parties-in-interest.

    C.    The notice of the Motion, the Bidding Procedures Hearing, and the proposed entry of this Bidding Procedures Order was adequate and sufficient under the circumstances of these Chapter 11 Cases, and such notice complied with all applicable requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. Accordingly, no further notice of the Motion, the Bidding Procedures Hearing, or this Bidding Procedures Order is necessary or required.

    D.    The Debtors have satisfied their burden of demonstrating a sound business justification for the Court to grant the relief requested in the Motion, including, without limitation, to (i) approve the Bidding Procedures; (ii) establish the Assumption and Assignment Procedures; (iii) approve the form and manner of notice of all procedures, protections, schedules, and agreements described in the Motion and attached thereto; (iv) schedule a date for the (a) Auction

and (b) Sale Hearing; and (v) grant related relief as set forth herein. Such business justification, as set forth in the Motion and on the record at the Bidding Procedures Hearing, are incorporated herein by reference and, among other things, form the basis for the findings of fact and conclusions of law set forth herein.

E. All objections to the relief requested in the Motion that have not been withdrawn, waived, or settled as announced to the Court at the Bidding Procedures Hearing or by stipulation filed with the Court are overruled except as otherwise set forth herein.

F. The Bidding Procedures, substantially in the form attached as Exhibit B to the Motion (as amended by the Revised Bidding Procedures in Connection With Debtors' Emergency Motion for Entry of Orders: (I) Establishing Bidding and Sale Procedures; (II) Approving the Sale of Assets; and (III) Granting Related Relief) and incorporated herein by reference as if fully set forth in this Bidding Procedures Order, are fair, reasonable and appropriate and represent the best method for maximizing the value of the Debtors' estates.

G. The Sale Notice, substantially in the form attached to the Motion as **Exhibit C** and incorporated herein by reference as if fully set forth in this Bidding Procedures Order, are appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the sale of the Debtors' operating assets (the "*Assets*"), including the sale of the Assets free and clear of all liens, claims and encumbrances, the Sale Transaction, the Bidding Procedures, the Auction and the Sale Hearing, and no other or further notice is required.

H. The Post-Auction Notice, substantially in the form attached to the Motion as **Exhibit D** and incorporated herein by reference as if fully set forth in this Bidding Procedures Order, is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Successful Bidder(s), and no other or further notice is required.

I.      The Assumption and Assignment Notice, substantially in the form attached to the Motion as **Exhibit E** and incorporated herein by reference as if fully set forth in this Bidding Procedures Order, is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the potential assumption and assignment of the Designated Contracts in connection with the sale of the Assets and the related Cure Costs, and no other or further notice is required.

J.      The findings of fact and conclusions of law herein constitute the Court's findings of fact and conclusions of law for the purposes of Bankruptcy Rule 7052, made applicable pursuant to Bankruptcy Rule 9014. To the extent any findings of facts are conclusions of law, they are adopted as such. To the extent any conclusions of law are findings of fact, they are adopted as such.

**THEREFORE, IT IS HEREBY ORDERED THAT**:

1.      The Motion is GRANTED as set forth herein.

**A.     The Timeline**

2.      The Debtors are authorized to proceed with the Sale Transaction(s) in accordance with the Bidding Procedures and are authorized to take any and all actions reasonably necessary or appropriate to implement the Bidding Procedures in accordance with the following timeline:

| Date | Event |
|---|---|
| On or before August ~~2417~~24, 2020 | Entry of the Bid Procedures Order |
| ~~September 7~~October 2, 2020, at 4:00 p.m. (EDT) | Bid Deadline |
| ~~September 7~~October 2, 2020, at 4:00 p.m. (EDT) | Sale Objection Deadline and Assumption and Assignment Objection Deadline |

| | |
|---|---|
| ~~September 9~~October 6, 2020, at 12:00 noon (EDT) | Auction |
| ~~September 11~~October 9, 2020 at 10:00 a.m. (EDT) | Hearing on approval of Sale |
| On or before ~~September~~October 12, 2020 | Entry of the Sale Order approving the Sale |
| On or before ~~September 18~~October 16, 2020 | Sale Closing |

3.  The Debtors reserve the right, and are authorized to, modify the above timeline and the Bidding Procedures (the "*Modifications*") in accordance with the provisions of the Bidding Procedures.

**B.  The Bidding Procedures**

4.  The Bidding Procedures, as attached as Exhibit 1, are hereby approved, are incorporated herein by reference, and shall govern all bids and bid proceedings relating to the Assets. The Debtors are authorized to take any and all actions necessary or appropriate to implement the Bidding Procedures. The failure to specifically include or reference a particular provision of the Bidding Procedures in this Order shall not diminish or impair the effectiveness of such provision.

5.  The Debtors are authorized, in accordance with the Bidding Procedures, to require Diligence Parties to submit written indications of interest specifying, among other things, the Assets proposed to be acquired, the amount and type consideration to be offered, and any other material terms to be included in a bid by such party.

6.  The process and requirements associated with submitting a Qualified Bid are approved as fair, reasonable, appropriate and designed to maximize recoveries for the benefit of the Debtors' estates, creditors, and other parties in interest. As further described in the Bidding

Procedures, the Bid Deadline shall be **~~September 7~~October 2, 2020 at 4:00 p.m.** (prevailing Eastern Time). Any disputes or objections to the selection of Qualified Bid(s), Successful Bid(s), or Backup Bid(s) (all as defined in the Bidding Procedures) shall be resolved by this Court at the Sale Hearing as set forth herein.

7. The Debtors are authorized to conduct the Auction in accordance with the Bidding Procedures. The Auction shall take place on ~~September 9~~October 6, 2020 at 12:00 noon (prevailing Eastern Time) at such physical location or videoconference and time as the Debtors shall notify all Qualified Bidders and the Consultation Parties.

8. All bidders submitting a Qualified Bid are deemed to have submitted to the exclusive jurisdiction of this Court with respect to all matters related to the Auction and the terms and conditions of the transfer of the Assets.

**C.     Stalking Horse Bidder, Related Bidding Protections, and Purchase Agreement**

9. In accordance with the Bidding Procedures, the Debtors may enter into a Stalking Horse Agreement for the sale of the Assets, subject to higher or otherwise better offers at the Auction, with Breakwater Management LP (the "*Agent*" or the "*Stalking Horse Bidder*"), who shall submit a Qualified Bid acceptable to the Debtors to establish a minimum Qualified Bid at the Auction.

10. Absent further order of the Court, the Stalking Horse Agreement shall be entitled to the Minimum Overbid Increment, and together with the subsequent bid increments, the "*Bid Protections*." In the event that the Debtors determine that the Bid Protections must exceed the amounts set forth herein, the Court shall hold a hearing on the approval of any such greater Bid Protections on an expedited basis, upon the request of the Debtors. Nothing in this Bidding Procedures Order or the Bidding Procedures approves a break up fee or expense reimbursement

6

for the Stalking Horse Bidder or preapproves the terms of any Stalking Horse Agreement. The Stalking Horse Bid is subject to the Unsecured Creditors' Committee's Challenge Rights.

**D.    Notice Procedures**

11.    The form of Sale Notice substantially in the form attached to the Motion as **Exhibit C** is approved.

12.    Within two (2) days after the entry of this Order or as soon as reasonably practicable thereafter, the Debtors shall serve the Sale Notice, this Order, and the Bidding Procedures by first-class mail, postage prepaid, or, for those parties who have consented to receive notice by the Electronic Case Files ("*ECF*") system, by ECF, upon (i) all entities reasonably known to have expressed an interest in a transaction with respect to all or part of the Assets within the past two (2) years; (ii) all entities known to have asserted any lien, claim, interest, or encumbrance in or upon any of the Assets; (iii) counsel for the Committee; (iv) counsel to the DIP Lender; and (v) the U.S. Trustee; *provided, however*, that to the extent email addresses are available for any of the foregoing parties, such parties may be served by electronic mail.

13.    In addition, within two (2) days after the entry of this Order or as soon as reasonably practicable thereafter, the Debtors shall serve the Sale Notice by first-class mail, postage prepaid or, for those parties who have consented to receive notice by the ECF system, by ECF, upon (i) all federal, state, and local regulatory or taxing authorities or recording offices which have a reasonably known interest in the relief granted herein; (ii) the United States Attorney's offices for the District of Delaware, the District of Nevada, and all states in which the Debtors conduct business; (iii) the Internal Revenue Service; (iv) all parties entitled to notice pursuant to Local Rule

2002-1(b); (v) all known creditors of the Debtors, including their contract counterparties; and (vi) all members of the Debtors.

14. Service of the Sale Notice as described above shall be sufficient and proper notice of the Sale Transaction with respect to known interested parties.

15. The Debtors are directed to publish the Sale Notice, as modified for publication, on one occasion on the Mailing Date or as soon as reasonably practicable thereafter. In addition, the Debtors are authorized, but not directed, to (i) publish the Sale Notice in additional publications as the Debtors deem appropriate and (ii) cause the Sale Notice to be posted on their case information website at https://cases.stretto.com/ApexLinen/.

16. Service of the Sale Notice as described above shall be sufficient and proper notice of the Sale Transaction with respect to all unknown parties.

17. The form of the Post-Auction Notice, substantially in the form attached to the Motion as **Exhibit D**, is approved. As soon as reasonably practicable after the conclusion of the Auction, the Debtors shall file on the docket, but not serve, the Post-Auction Notice identifying any Successful Bidder(s).

**E.** **Assumption and Assignment Procedures**

18. The Assumption and Assignment Procedures, as detailed in the Motion and incorporated herein by reference as if fully set forth in this Bidding Procedures Order, are approved.

19. The Notice of Assumption and Assignment, substantially in the form attached to the Motion as **Exhibit E**, is approved.

20. On or before ~~_____,~~ **September 18,** 2020 (any such date, the "*Assumption and Assignment Service Date*"), the Debtors shall file with the Court, and post on the

8

Case Website at https://cases.stretto.com/ApexLinen/, the Notice of Assumption and Assignment and Designated Contracts List. If no Cure Cost is listed on the Designated Contracts List, the Debtors believe that there is no Cure Cost, as of the date of such notice. On the Assumption and Assignment Service Date, the Debtors shall serve, via first-class mail, a customized version of the Notice of Assumption and Assignment that contains the DCL Instructions and Necessary Notice Information, but omits the Designated Contracts List, on all counterparties to the Designated Contracts. In addition, the Debtors shall serve, via first-class mail, a modified version of the Notice of Assumption and Assignment that contains the DCL Instructions and Necessary Notice Information, but omits the Designated Contracts List on all parties on the Rule 2002 Notice List. Service of such Notice of Assumption and Assignment as set forth herein shall be deemed proper, due, timely, good and sufficient notice of, among other things, the proposed assumption and assignment of the Designated Contracts and rights thereunder, the Cure Costs, and the procedures for objecting thereto, and no other or further notice is necessary.

21.     Any objection by a counterparty to a Designated Contract (a "*Designated Contract Objection*") must (i) be to the proposed assumption and assignment of the applicable Designated Contract or Cure Costs, if any; (ii) state, with specificity, the legal and factual basis thereof as well as what Cure Costs such objecting party believes are required, if any; and (iii) include appropriate documentation in support thereof. All Designated Contract Objections must be filed and served on: (a) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: David Villagrana, David.Villagrana2@usdoj.gov; (b) counsel to the Debtors, Goldstein & McClintock LLLP, 501 Silverside Road, Suite 65, Wilmington, Delaware 19809 Attn: Maria Aprile Sawczuk, marias@restructuringshop.com, and 111 West Washington Street, Suite 1221, Chicago, Illinois

60602 Attn: Harley Goldstein, harleyg@restructuringshop.com; (c) counsel to the Breakwater Entities and Agent, Sheppard Mullin, 333 South Hope Street, 43rd Floor, Los Angeles, CA 90071-1422, Attn: Ted Cohen, tcohen@sheppardmullin.com; (d) counsel to Western Alliance, Quarles & Brady LLP, Renaissance One, Two North Central Avenue, Phoenix, AZ 85004-2391, Attn: Brian Sirower, brian.sirower@quarles.com; (e) counsel to United Insurance, McGuireWoods LLP, 501 Fayetteville St., Suite 500, Raleigh, NC 27601, Attn: Anne E. Croteau, acroteau@mcguirewoods.com, and 1251 Avenue of the Americas, 20th Floor, New York, NY 10020-1104, Attn: Shawn R. Fox, sfox@mcguirewoods.com; (f) counsel to the Committee, Archer & Greiner, P.C., 300 Delaware Avenue, Suite 1100, Wilmington, DE 19801, Attn: Alan Root, aroot@archerlaw.com; and (g) each of the creditors included on the lists filed under Rule 1007(d) for all of the Debtors no later than ~~September 7~~October 2, **2020 at 4:00 p.m.** (prevailing Eastern Time) (the "*Assumption and Assignment Objection Deadline*").

22.     If a Designated Contract Objection is not consensually resolved before the Sale Hearing, the amount to be paid or reserved with respect to such objection shall be determined at the Sale Hearing, such later hearing date that the Debtors determine in their discretion, or such other date determined by this Court.

23.     Any time after the Assumption and Assignment Service Date and before the closing of a Sale Transaction, the Debtors reserve the right, and are authorized but not directed, to (i) supplement the Designated Contracts List with previously omitted Designated Contracts in accordance with the definitive agreement for a Sale Transaction, (ii) remove a Designated Contract from the list of contracts that a Successful Bidder proposes be assumed and assigned to it in connection with a Sale Transaction, or (iii) modify the previously stated Cure Cost associated with any Designated Contract.

24. In the event the Debtors exercise any of the rights listed above, the Debtors shall promptly serve the Supplemental Notice of Assumption and Assignment by electronic transmission, hand delivery, or overnight mail on the counterparty (and its attorney, if known) to each Designated Contract listed on the Supplemental Notice of Assumption and Assignment at the last known address available to the Debtors. Each Supplemental Notice of Assumption and Assignment shall set forth (i) the name and address of the counterparty to the Designated Contract listed thereon; (ii) the proposed effective date of the assignment (subject to the right of the applicable Successful Bidder, if any, to withdraw such request for assumption and assignment of that Designated Contract prior to the closing of the applicable Sale Transaction); (iii) sufficient information to identify the Designated Contract; (iv) the Cure Costs, if any; and (v) proposed adequate assurance, if known on the Assumption and Assignment Service Date. The Debtors are authorized, but not directed, to modify the Supplemental Notice of Assumption and Assignment as necessary and appropriate to provide customized individual notice to each Designated Contract counterparty. In addition, the Debtors are authorized, but not directed, to supplement the Designated Contract List on the Case Website with any additional Designated Contracts as the Debtors deem appropriate in their discretion. Service of such Supplemental Notice of Assumption and Assignment as set forth herein shall be deemed proper, due, timely, good and sufficient notice of, among other things, the proposed assumption and assignment of the Designated Contracts and rights thereunder, the Cure Costs, and the procedures for objecting thereto, and no other or further notice is necessary.

25. Any objection by a counterparty to a Designated Contract listed on a Supplemental Notice of Assumption and Assignment (a "*Supplemental Designated Contract Objection*") must (i) be to the proposed assumption and assignment of the applicable Designated Contract or the

11

proposed Cure Costs, if any; (ii) state, with specificity, the legal and factual basis thereof as well as what Cure Costs such objecting party believes are required, if any; (iii) include appropriate documentation in support of the objection; and (iv) be filed and served on the Notice Parties no later than fourteen (14) days from the date of service of such Supplemental Notice of Assumption and Assignment.

26.    If a Supplemental Designated Contract Objection is not consensually resolved by the proposed effective date of assignment of the Designated Contract that is the subject of a Supplemental Designated Contract Objection, the Debtors shall seek an expedited hearing before the Court (a "*Supplemental Designated Contract Hearing*") to determine the Cure Costs, if any, and approve the assumption of the relevant Designated Contracts. If there is no such objection, then the Debtors shall obtain an order of this Court, including by filing a certification of no objection, (a "*Supplemental Designated Contract Order*") fixing the Cure Costs and approving the assumption of any Designated Contract listed on a Supplemental Notice of Assumption and Assignment.

27.    Absent the filing of a Designated Contract Objection or Supplemental Designated Contract Objection and a subsequent order of the Court establishing an alternative Cure Cost, the Cure Costs, if any, set forth in the Notice of Assumption and Assignment (or Supplemental Notice of Assumption and Assignment) shall be controlling, notwithstanding anything to the contrary in any Designated Contract or any other document, and the counterparty to the Designated Contract will be deemed to have consented to the assumption, assignment, and sale of the Designated Contract and the Cure Costs, if any, and will be forever barred from asserting any other claims related to such Designated Contract against the Debtors or the applicable Successful Bidder, or the property of any of them, except with respect to adequate assurance of future performance by such

Successful Bidder. For the avoidance of doubt, any objections to a Successful Bidder's proposed form of adequate assurance of future performance must be raised at the Sale Hearing or Supplemental Designated Contract Hearing, as applicable, and will be resolved at the hearing at which it is raised or, in the Debtors' discretion, adjourned to a later hearing.

28. The inclusion of a Designated Contract on the Notice of Assumption and Assignment (or Supplemental Notice of Assumption and Assignment) will not (a) obligate the Debtors to assume any Designated Contract listed thereon nor the Successful Bidder(s) to take assignment of such Designated Contract or (b) constitute any admission or agreement of the Debtors that such Designated Contract is an "executory" contract. Only those Designated Contracts that are included on a schedule of assumed and assigned contracts attached to the final Purchase Agreement with the Successful Bidder(s) (each, an "*Acquired Contract*") will be assumed and assigned to the Successful Bidder(s).

### F.     The Sale Hearing

29. A Sale Hearing to (i) approve a sale of a portion or substantially all of the Assets to the Successful Bidder(s) and (ii) authorize the assumption and assignment of certain executory contracts and unexpired leases shall be held on **~~September 11~~October 9, 2020 at 10:00 a.m.** (prevailing Eastern Time), and may be adjourned or rescheduled without notice, subject to paragraph 3 of this Order. At the Sale Hearing, the Debtors will seek Bankruptcy Court approval of the Successful Bid(s) and the Backup Bid(s). Unless the Bankruptcy Court orders otherwise, the Sale Hearing shall be an evidentiary hearing on matters relating to the Sale Transaction(s) and there will be no further bidding at the Sale Hearing. In the event that the Successful Bidder(s) cannot or refuses to consummate the Sale(s) because of the breach or failure on the part of such Successful Bidder, the Debtors may, in accordance with the Bidding Procedures, designate the

Backup Bid to be the new Successful Bid and the Backup Bidder to be the new Successful Bidder, and the Debtors shall be authorized, but not required, to consummate the applicable transaction with the Backup Bidder without further order of the Bankruptcy Court.

30. Objections, if any, to any Sale Transaction must be filed no later than ~~September 7~~**October 2**, **2020 at 4:00 p.m.** (prevailing Eastern Time) (the "*Sale Objection Deadline*"). In addition, any objections relating to the Auction process (an "*Auction Objection*") also must be filed by ~~September 7~~**October 2**, **2020 at 4:00 p.m.** (prevailing Eastern Time) (the "*Auction Objection Deadline*"). All such objections must be served on the Notice Parties and counsel to any Successful Bidder(s), if known on the Sale Objection Deadline or the Auction Objection Deadline, as applicable. All replies to such objections must be filed by ~~September 10~~**October 7**, **2020 at 4:00 p.m.** (prevailing Eastern Time) (the "*Reply Deadline*").

### **G.** **Other Provisions**

31. Notwithstanding anything herein or in the Bidding Procedures to the contrary, the Debtors shall not be permitted to modify the consultation rights of the Consultation Parties in the Bidding Procedures absent further order of this Court or the consent of any affected Consultation Parties.

32. The Debtors are authorized and empowered to take such action as may be necessary to implement and effect the terms and requirements established under this Bidding Procedures Order.

33. This Bidding Procedures Order shall be binding on and inure to the benefit of the Debtors, including any chapter 7 or chapter 11 trustee or other fiduciary appointed for the estates of the Debtors.

34. This Bidding Procedures Order shall constitute the findings of fact and conclusions of law and shall take immediate effect upon execution hereof.

35. To the extent this Bidding Procedures Order is inconsistent with any prior order or pleading with respect to the Motion in these cases, the terms of this Bidding Procedures Order shall govern.

36. To the extent any of the deadlines set forth in this Bidding Procedures Order do not comply with the Local Rules, such Local Rules are waived and the terms of this Bidding Procedures Order shall govern.

37. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 6006(d), 7062, 9014, or otherwise, this Court, for good cause shown, orders that the terms and conditions of this Bidding Procedures Order shall be immediately effective and enforceable upon its entry.

38. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Bidding Procedures Order, including, but not limited to, any matter, claim, or dispute arising from or relating to the Bidding Procedures, any Stalking Horse Agreement, and the implementation of this Bidding Procedures Order.